UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SIMS, COOK and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class ERIC M. COLLYER
 United States Army, Appellant

 ARMY 20100167

 1st Cavalry Division, Fort Hood, Texas
 Gregory Gross, Military Judge
 Lieutenant Colonel Dean L. Whitford, Acting Staff Judge Advocate (pretrial)
 Lieutenant Colonel Mark H. Sydenham, Staff Judge Advocate (recommendation
 and addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene
Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Kristen
McGrory, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Major LaJohnne A. White, JA; Captain Frank E. Kostik, Jr., JA (on
brief).

 23 September 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of two specifications of absence without
leave, one specification of failure to report, three specifications of
disrespect towards a noncommissioned officer, and three specifications of
wrongful use of marijuana, in violation of Articles 86, 91, and 112a
Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 912a [hereinafter
UCMJ]. The military judge sentenced appellant to a bad-conduct discharge,
confinement for fifteen months, forfeiture of all pay and allowances, a
fine of $25,000.00, and reduction to E1. Pursuant to a pretrial agreement,
the convening authority approved only so much of the sentence to
confinement as provided for fourteen months confinement and otherwise
approved the adjudged sentence. This case is before us for review pursuant
to Article 66, UCMJ.

 DISCUSSION

 Appellant claims he suffered prejudicial error because the convening
authority was never presented with appellant's two-page handwritten
clemency request, dated 2 June 2010, prior to taking action on appellant's
case. The government concedes appellant's letter was not submitted to the
convening authority even though it was in the possession of the Office of
the Staff Judge Advocate well prior to action. The government, however,
argues that the appellant suffered no prejudice because the convening
authority would not have been swayed by the contents of the letter had he
seen it prior to taking action.

 Under the circumstances of this case, we decline to speculate as to
the effect appellant's personal request for clemency might have had on the
convening authority. Accordingly, we will order a new recommendation and
action to ensure appellant has a meaningful opportunity for clemency.

 Conclusion

 The convening authority's initial action, dated 20 August 2010, is set
aside.( The record of trial is returned to The Judge Advocate General for
a new SJAR and new initial action by the same or a different convening
authority in accordance with Article 60(c)-(3), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

(We also note that the existing promulgating order in the case, General
Court-Martial Order Number 1, dated 20 August 2010, incorrectly reflects
that appellant pleaded guilty as charged to Specification 2 of Charge I and
Specification 1 of Charge III, when in fact appellant pleaded guilty by
exceptions and substitutions to those specifications.